Stephen M. Uthoff, State Bar No. 145206
The Uthoff Law Corporation
111 W. Ocean Blvd., Suite 1960
Long Beach, California 90802
(562) 437-4301
fax (562)437-4341
e-mail suthoff@uthofflaw.com

Attorneys for Defendant
JAS FORWARDING (H.K.) LIMITED
DBA BLUE WORLD LINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, a corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAS FORWARDING (USA), INC., a corporation; JAS WORLDWIDE S.A.R.L, a corporation; and JAS FORWARDING (H.K.) LIMITED DBA BLUE WORLD LINE, a foreign corporation,<br><br>　　　　　Defendants. | Case No. 22-cv-03808-AGT<br><br>**JAS FORWARDING (H.K.) LIMITED DBA BLUE WORLD LINE 'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant JAS FORWARDING (H.K.) LIMITED DBA BLUE WORLD LINE ("JAS" or "Defendant") for itself alone and no other party[1], and in response to Plaintiff, Great American Insurance Company, Inc.'s ("Plaintiff" or "GAIC") Complaint, answers, admits, denies and alleges as follows:

1.  As to the allegations in paragraph 1 of Plaintiff's Complaint: JAS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1, and therefore, denies the same.

2.  As to the allegations in paragraph 2 of Plaintiff's Complaint: JAS admits only that it is a non-vessel operating common carrier ("NVOCC"). JAS denies the balance of the allegations in paragraph 2 of Plaintiff's Complaint.

3.  As to the allegations in paragraph 3 of Plaintiff's Complaint: JAS admits that Count 1 of the Complaint purports to allege violations of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *note* ("COGSA") but does not admit as to the applicability of or liability thereunder for this claim. Further answering, JAS admits that this Court has jurisdiction to hear claims for damages under COGSA pursuant to 28 U.S.C. § 1331 and 1333 and it is purportedly an admiralty and maritime claim. JAS denies all remaining allegations of paragraph 3.

4.  As to the allegations in paragraph 4 of Plaintiff's Complaint, JAS admits it is purportedly an admiralty and maritime claim. JAS denies all remaining allegations of paragraph 4.

5.  As to the allegations in paragraph 5 of Plaintiff's Complaint: JAS admits only that issued in its capacity as an NVOCC, its NVOCC house bill of lading BUD421003621 ("HBL") which speaks for itself and is fully incorporated herein by this reference including all terms and conditions thereof. JAS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 5, and therefore, denies the same.

6.  As to the allegations in paragraph 6 of Plaintiff's Complaint: JAS denies all allegations therein.

---

[1] Defendants, JAS Forwarding (USA), Inc. and JAS Worldwide S.A.R.L. have been dismissed from this action and JAS makes no representation or response as to those two defendants, and as such any allegations as to those defendants should be deemed denied as to JAS.

7.  As to the allegations in paragraph 7 of Plaintiff's Complaint: JAS lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 7, and therefore, denies the same.

8.  As to the allegations in paragraph 8 of Plaintiff's Complaint: JAS denies all allegations therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Valid Claim)

9.  The Claims alleged in the Complaint fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Fault of Third-Parties and Right to Contribution and Indemnification)

10.  If Plaintiff was damaged as alleged in the Complaint, those damages were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom JAS had no control at any time relevant hereto, and in the event JAS is found liable to Plaintiff, which liability is expressly denied, JAS will be entitled to indemnification, contribution or apportionment of liability from such other parties pursuant to applicable law or contract.

### Third Affirmative Defense

(Bills of Lading Terms And Conditions)

11.  JAS is entitled to all of the rights, defenses, disclaimers and limitations of liability applicable under the relevant JAS HBLs and the terms and conditions thereof, any other applicable bill of lading, tariff and contract which are incorporated herein by reference. Any loss/or injury and/or damage alleged to have been suffered to subject goods was due to a cause or causes for which JAS is not liable or responsible, or for which JAS's liability is limited, by virtue of the provisions of the said bill(s) of lading, tariff(s) or contract(s).

### Fourth Affirmative Defense

(COGSA)

12. The alleged claim for cargo loss and damage is governed by the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, *note*, by virtue of the statute and/or contractual adoption. Any loss/or injury and/or damage alleged to have been suffered to subject goods was due to a cause or causes for which JAS is not liable or responsible or for which JAS's liability is limited by virtue of the provisions of COGSA.

### Fifth Affirmative Defense

(Lack of Fault or Privity)

13. The alleged claim for cargo loss and damage arose without actual fault, neglect and privity of JAS, its agents, servants and/or contractors. JAS is not liable for any loss, damage, or delay to the shipment that so arising under any applicable bill of lading and terms and conditions, COGSA or any other applicable law.

### Sixth Affirmative Defense

(Perils of the Sea / Acts of God)

14. The alleged cargo loss and damage was caused by a peril of the sea and/or act of God.

### Seventh Affirmative Defense

(Fault of the Shipper / Improper Packaging and Marking)

15. The alleged cargo loss and damage was caused by the act of default of the shipper or its agents, including but not limited to inadequate or improper crating, packing, packaging, loading, counting and marking performed by the shipper or its agents.

### Eighth Affirmative Defense

(Limitation of Liability)

16. Alternatively, any alleged loss or damage to the subject goods is subject to a $500-per-package limitation of liability or other limitation as set forth in the applicable JAS bills of lading and terms and conditions thereof. JAS shall also be entitled to any other limitation of lability found in any other applicable bill of lading, contract, tariff or applicable law.

### Ninth Affirmative Defense

(Consequential Damages Not Recoverable)

17. Plaintiff cannot recover the damages alleged in the Complaint because they are consequential, incidental and indirect in nature, and JAS had no notice of the possibility of such damages, which were not foreseeable or recoverable under the provisions of the applicable bills of lading and terms and conditions, contracts, tariffs, COGSA, or any other applicable law.

### Tenth Affirmative Defense

(Failure to Mitigate Damages)

18. Plaintiff has failed to mitigate is claim and damages, if any. Therefore, Plaintiff is barred from recovery of all or part of its claimed damages.

### Eleventh Affirmative Defense

(Standing)

19. Plaintiff lacks standing and is not the proper party to bring this suit for the alleged loss or damage to cargo, in whole or part.

### Twelfth Affirmative Defense

(Statute of Limitations/Laches)

20. Plaintiff's claims are barred by the applicable statute of limitations at law or per contract and/or the doctrine of laches.

**Thirteenth Affirmative Defense**

(Waiver and Estoppel)

21. Plaintiff's claims are barred in whole or part by the doctrines of wavier and estoppel.

**Fourteenth Affirmative Defense**

(Setoff)

22. Should JAS be found liable to Plaintiff, JAS is entitled to setoff for all amounts owed to JAS, including but not limited to unpaid freight charges.

**Fifteenth Affirmative Defense**

(Reservation of Rights)

23. JAS reserves the right to set forth and allege additional affirmative defenses.

WHEREFORE, Defendant, JAS FORWARDING (H.K.) LIMITED DBA BLUE WORLD LINE prays as follows:

a. That Plaintiff take nothing by its Complaint and that JAS be dismissed with prejudice or judgment is rendered in favor of JAS;

b. for an award of costs and attorney's fees;

c. and for all other relief deemed just by this Court.

DATED: August 31, 2022

                                          THE UTHOFF LAW CORPORATION

                                          By: s/*Stephen M. Uthoff*
                                               Stephen M. Uthoff
                                               Attorneys for Defendant
                                               JAS FORWARDING (H.K.) LIMITED
                                               DBA BLUE WORLD LINE

PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )   ss.
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 111 W. Ocean Blvd., Suite 1960, Long Beach, California 90802.

On August 31. 2022 I served the foregoing document described as **JAS FORWARDING (H.K.) LIMITED DBA BLUE WORLD LINE 'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by electronically serving or by placing a copy thereof enclosed in a sealed envelope addressed as follows:

See attached list

[ ] **BY MAIL:**   I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid in Los Angeles County California a in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL DELIVERY:** I delivered such envelope by hand to the offices of the addressee

[xx ] **VIA CM/ECF: T**he forgoing document was served on opposing counsel via the Court's CM/ECF system.

[ ] BY FEDERAL EXPRESS NEXT BUSINESS DAY DELIVERY
I deposited the above described document in a sealed envelope with delivery fees paid or provided for, addressed to the above counsel or parties, in a box or other facility regularly maintained by the courier or delivered to an individual or driver authorized by the courier to receive documents.

[ ] State: I declare under penalty of perjury under the laws of the State of California that the forgoing
              is true and correct.

[X] Federal:   I declare that I am employed in the office of a member of the bar of this court at whose
               direction the service was made.

    Executed on August 31, 2022  at Los Angeles County, California.

                                            s/Stephen M. Uthoff_____
                                            Stephen M. Uthoff

**Service List**

Joshua Kirsch
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Counsel for Plaintiff